UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH SAWCZAK,

                    Plaintiff,

vs.                                Case No.  2:04-cv-17-FtM-29DNF

LANDERS, FNU BRIODY, VAUGHN, FNU
WHITE, FNU BURGESS, FNU RUTH,
DONSBACH, FNU LANE, FNU HAYMES, FNU
REIGER,

                    Defendants.

_____


## OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion to
Dismiss Plaintiff's Amended Complaint, Or In The Alternative,
Motion for Summary Judgment filed on behalf of Defendants Landers,
Vaughn, White, Burgess, Ruth and Haymes' ("Defendants' Motion" Doc.
#52)[1].  Defendants attach eight exhibits in support of their
Motion. Consequently, because Defendants' Motion refers to matters
outside the four corners of Plaintiff's Amended Complaint, it will
be construed as a motion for summary judgment.  Somerville v. Hall,
2 F. 3d 1563, 1564 (11th Cir. 1993).  After being granted
extensions of time, Plaintiff filed a Response in Opposition to
Defendants' Motion (Doc. #60).  Plaintiff attached his Affidavit in

_____

[1]The Court has also examined the allegations in Plaintiff's
Amended Complaint as to Defendants Briody, Donsbach, Lane and
Reiger, upon whom service has not been effectuated.  Upon review of
the allegations, the Court finds that plaintiff has failed to state
a claim against these defendants. These defendants will accordingly
be dismissed without prejudice.

support of his Response ("Plaintiff's Response" Doc. #61).   This
matter is now ripe for review.

**I.**

Plaintiff is confined at the Florida Civil Commitment Center
("FCCC") awaiting a civil commitment trial pursuant to FLA. STAT.
§394.910 ("Jimmy Ryce Trial").   Plaintiff filed an Amended
Complaint ("Amended Complaint" Doc. #50) in this action against the
following Defendants:   (1) William Landers, Facility Safety
Manager, FCCC; (2)  Dr. Robert Briody, Executive Director, FCCC;
(3) Robert Vaughn, Assistant Director, FCCC; (4) FNU White,
Clinical Staff, FCCC; (5) FNU Burgess, Therapeutic Community
Coordinator, FCCC; (6) FNU Ruth, Therapeutic Community Coordinator,
FCCC; (7) FNU Donsbach, Clinical Staff, FCCC; (8) FNU Lane,
Facility Safety Director, FCCC; (9) Jennifer Haymes, General
Counsel, FCCC; and, (10) Jerry Reiger, Secretary, Department of
Children and Families.   All Defendants are sued in both their
individual and official capacities.

The Amended Complaint alleges Fourth, Fourteenth and Eighth
Amendment violations stemming from a July 18, 2003 incident at the
FCCC.   Plaintiff claims that in connection with this incident
Defendants violated Plaintiff's right to privacy, denied Plaintiff
due process and equal protection, and subjected Plaintiff to cruel
and unusual punishment.   Amended Complaint, Section IV, page 4.
Plaintiff seeks compensatory damages for "emotional and physical
injuries" as well as punitive damages from Defendants.   Id. at p.

-2-

8.  The Amended Complaint does not specify, what, if any, physical injuries Plaintiff sustained as a result of the claimed violations.

The facts, as set forth in the Amended Complaint are as follows.  On July 18, 2003, Defendant Burgess was conducting a "walk-through" of Plaintiff's dormitory at 3:45 a.m. when Defendant Burgess "observed Plaintiff masturbating by his bed." Id. at p. 5, ¶2.  Plaintiff "immediately covered himself" and Defendant Burgess told Plaintiff that she would have "Plaintiff's 'ass locked up'." Id. at ¶4.  Defendant Burgess prepared an incident report and contacted Defendant Landers who authorized Plaintiff to be placed in "confinement."  Id. at ¶¶5-6.

Plaintiff was "stripped of all his personal property" except for "bedding items, limited cosmetic items, and the clothes he was wearing." Id. at ¶8.  Plaintiff was placed in a "filthy" cell and was not given "cleaning supplies or a change of clothes." Id. at ¶9.

On July 21, 2005, Defendants Donsbach, Ruth and Haymes conducted a "hearing" of the incident, found Plaintiff guilty of the incident, and placed Plaintiff on dormitory restriction.  Id. at ¶¶11-12.  Defendants Lane and White "were responsible for assessing the Plaintiff's level of risk" and "responsible for Plaintiff's "continued confinement for five (5) days." Id. at ¶10.

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury or the fact finder at trial could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).  In

ruling on a motion for summary judgment, if there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party.  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

III.

Plaintiff brings his claim pursuant to Title 42 U.S.C. § 1983 which imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

A.   Fourth Amendment Right to Privacy

The Amended Complaint claims that the offense for which Plaintiff was charged (exposing male genitalia to female staff while masturbating); placed in secure management confinement; and,

-5-

ultimately found guilty of and placed on dormitory restriction, violated Plaintiff's right to privacy. Essentially, Plaintiff suggests that because he was masturbating "near" his bed his actions are afforded constitutional protections under the Fourth Amendment. The Court disagrees.

While this Circuit has determined that prisoners "retain a *limited* constitutional right to bodily privacy" this right must be evaluated on a "case-by-case basis" <u>Fortner v. Thomas</u>, 983 F.2d 1024, 1030 (11th Cir. 1993); <u>Boxer v. Harris</u>, 437 F.3d 1107 (11th Cir. 2006). This right to privacy is subject to further limitations that are reasonably related to "legitimate penological interests." <u>Turner v. Safely</u>, 482 U.S. 78 (1987). The Court recognizes that Plaintiff, although not a "prisoner" for purposes of the Prison Litigation Reform Act ("PLRA"), <u>Troville v. Venz</u>, 303 F.3d 1256 (11th Cir. 2002), is nonetheless confined to a "secure facility" pursuant to the Jimmy Ryce Act. <u>See</u> Fla. Stat. §394.910. Plaintiff acknowledges that he shares his "cube" or his immediate sleeping and living quarters with four other residents. Thus, this living area to which Plaintiff is assigned at the FCCC, albeit not a cell, is not protected by the Fourth Amendment. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). Plaintiff cannot reasonably argue that he has a legitimate "expectation of privacy" in an area

that he acknowledges he shares with four other residents.[2]
O'Rourke v. Hayes, 378 F.3d 1201 (11th Cir. 2004).

Further, this Court notes that the Supreme Court has
determined that "a right to privacy in traditional Fourth Amendment
terms is fundamentally incompatible with the close and continual
surveillance of inmates and their cells required to ensure
institutional security and internal order." Hudson 468 U.S. at
527-28. Consequently, to imposes a blanket prohibition against
FCCC officials to enjoin them from randomly walking through the
residents' living areas is inherently inconsistent with the FCCC's
needs of ensuring security and implementing rules and regulations.
Block v. Rutherford, 468 U.S. 576 (1984). Consequently, the Court
finds no violations of Plaintiff's right to privacy.

B.   Due Process Claims

Plaintiff's contends that because Defendants Burgess and
Landers failed to consult "mental health professionals" prior to
placing Plaintiff in secure management confinement, Plaintiff's due
process rights were violated. Plaintiff's contention is predicated
on his assumption that residents of the FCCC are subject to the
same state regulations as individuals who are involuntarily civilly

---

[2]Plaintiff, in his Affidavit attached to his Response (Doc.
#61), sets forth in great detail the efforts he allegedly undertook
to ensure that his actions were discreet. The issue of whether
Plaintiff was guilty of the offense charged is not properly before
this Court. Heck v. Humphrey, 512 U.S. 477, 489 (1994).

confined for mental health reasons, i.e. individuals who are confined under Florida's Baker Act.   The Court disagrees.

First it is clear that the state legislature expressly recognized that commitment under the Baker Act was "inappropriate" for individuals sought to be committed under the Jimmy Ryce Act. Furthermore, irrespective of whether Florida's mental health statutes apply to residents at the FCCC, the Court finds Plaintiff has not alleged a violation of a right created by the United States Constitution or the laws of the United States.  "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002). Any argument that a violation of state law gives plaintiff a viable substantive due process claim has been foreclosed by the United States Supreme Court. Lovins v. Lee, 53 F.3d 1208, 1211 (11th Cir. 1995)(citing Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992)).  See also McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)(en banc)(substantive rights created only by state law are not subject to substantive due process protection because substantive due process rights are created only by the United States Constitution).  Therefore, no § 1983 claim is stated by virtue of an officials alleged failure to comply with the tenets of the Florida mental health statutes, even if applicable to the FCCC residents.

Additionally, based upon the record before the Court, it is clear that Plaintiff was afforded due process in connection with his brief placement on secure management and dormitory restriction. Plaintiff immediately was told the reason he was being placed on secure management status. <u>See</u> Doc. #52-4, Exh. 3, FCCC Notice to Resident of Behavior Management dated September 18, 2003. Plaintiff was also advised that "clinical and direct care staff" would be "discussing this incident" with Plaintiff and he would "have an opportunity to present information regarding this incident." <u>Id.</u> The same day, Plaintiff was provided an opportunity to provide his written version of the incident. <u>See</u> Doc. #52-5, Exh. 4, FCCC Subject/Witness Interview Form dated July 18, 2003. Plaintiff was also notified the same day that a Behavior Management Conference was being scheduled for July 21, 2006.[3] <u>See</u> Doc. #52-6, Exh. 5, FCCC Notice of Behavior Management Conference dated July 18, 2003. A clinical therapist, Defendant Donsbach, and a therapeutic community coordinator, Defendant Ruth, took part in the Behavior Management Panel, along with Defendant Haymes who was present at the conference as an "Observer." <u>See</u> Doc. #52-7, Exh. 6, FCCC Behavior Management Conference Form/Checklist dated July 21, 2003. The panel members recommended that Plaintiff be returned to this dormitory, on a restricted status. Plaintiff was advised in the future to be "discreet and covered" when engaging in such

---

[3]Since July 18, 2003 fell on a Friday, Plaintiff was afforded a hearing on the next business day, Monday, July 21, 2003.

conduct.  <u>See</u> Doc. #52-8, Exh. 7, FCCC Behavior Management Plan dated July 21, 2003.  Plaintiff was also provided an opportunity to appeal the panel's finding, which he did on July 23, 2003.  <u>See</u> Doc. #52-9, Exh. 8.  Plaintiff's appeal was denied by Defendant Briody, the FCCC Executive Director.  The Court finds that these procedures were more than adequate in providing Plaintiff with adequate due process.  <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995); <u>Youngberg v. Romero</u>, 457 U.S. 307 (1982); <u>Sheley v. Dugger</u>, 833 F.2d 1420 (11th Cir. 1987).

    C.  <u>Equal Protection</u>

    Plaintiff, in a wholly conclusory manner, claims that Defendants "treated the Plaintiff different than other civil detainees by failing to implement and/or follow the confinement procedures required by state and federal law for mental heath facilities."  Plaintiff's premise of liability is flawed since Equal Protection "does not require that all persons be treated identically." <u>Hendking v. Smith</u>, 781 F.2d 850,, 851 (11th Cir. 1986)(citing <u>Stanton v. Stanton</u>, 421 U.S. 7, 14 (1975)).  Rather, Equal Protection requires that "<u>similarly situated persons</u> be treated equally."  <u>City of Clebrune v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985)(emphasis added).  Thus, Plaintiff must allege that he was treated differently than any other FCCC resident who was caught engaging in similar conduct.  Here, Plaintiff alleges the Defendants "treated the Plaintiff different than other civil detainees" by not following the state and federal

law for "mental health facilities." Amended Complaint, p. 7 at
¶16. It is unclear to which state and federal law Plaintiff is
referring. Conclusory allegations of disparate treatment or
personal belief of discriminatory intent is insufficient. GJR
Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367-68
(11th Cir. 1998). This Court does not find any authority to
support Plaintiff assertions that residents at the FCCC are
analogous to individuals committed under the Baker Act. In fact,
the Florida Supreme Court has expressly rejected such an argument.
See Westerheide v. State, 831 So.2d 93, 112 (Fla. 2002) (rejecting
plaintiff's equal protection argument there on the basis, inter
alia, that it "rests on the false premise that individuals subject
to commitment under the Ryce Act are similarly situated to mentally
ill persons committed under the Baker Act."). Consequently, the
Court finds that Amended Complaint fails to state an equal
protection claim under federal law.

D. Eighth Amendment    Plaintiff asserts violations of the
Eighth Amendment[4] with respect to the conditions to which he was
subjected for the three days while on secure management
confinement. The "cruel and unusual punishment" standard, which

---

[4]Plaintiff's rights as a detainee arise from the Fourteenth
Amendment, though the case law developed with regard to the Eighth
Amendment prohibitions against cruel and unusual punishment is
analogous. Cook ex. rel Estate of Tessier v. Sheriff of Monroe
County Fla., 402 F.3d 1092, 1115 (11th Cir. 2005). See also Hamm v.
DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).

originally proscribed barbarous methods of punishment, has evolved to reflect society's "standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981), Estelle v. Gamble, 429 U.S. 97, 102 (1976). The court employs a two-part analysis in determining whether the conditions of a plaintiff's confinement violates the Eighth Amendment. Hudson v. McMillan, 503 U.S. 1, 8 (1992). First the condition must be objectively and sufficiently serious or "extreme" to show that it "pose[s] an unreasonable risk of serious damage to [a plaintiff's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Second, plaintiff must come forward with some factual allegations to show that the defendant official "acted with a sufficiently culpable state of mind." Id. (citing Hudson, 503 U.S. at 8). Negligence is not enough. Chandler, 379 F.3d at 1289. Rather, a plaintiff must show the defendant acted with "deliberate difference." Id. Significantly, a defendant must (1) have subjective knowledge of a risk of harm; (2) disregard that risk; and (3) engage in conduct that rises above mere negligence.

Here, the Amended Complaint alleges only that the conditions to which Plaintiff was subjected were uncomfortable and unsanitary. Plaintiff does not allege, or even suggest, that the conditions posed any threat to this health or safety. Admittedly, Plaintiff "need not await a tragic event" in order to seek relief. Helling v. McKinney, 509 U.S. 25, 33 (1993). Objectively, the Court does not find the conditions to which Plaintiff was subjected for three

days as "extreme" to have posed an "unreasonable risk of serious damage" to Plaintiff's health or safety.  Chandler, 379 F.3d at 1290(citations omitted)(pointing out that Eighth Amendment violations should not be found upon a judge's subjective views).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Defendants Landers, Vaughn, White, Burgess, Ruth and Haymes' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #52) is **DENIED** as to the motion to dismiss and is **GRANTED** as to the summary judgment.   Judgment shall be entered in favor of these defendants and against plaintiff.

2.   Defendants Briody, Donsbach, Lane and Reiger, upon review of the Amended Complaint, are **dismissed** without prejudice for failure to state a claim.   Judgment shall be entered in favor of these defendants and against plaintiff.

3.   The **Clerk of Court** shall: 1) enter judgment accordingly, 2) terminate any pending motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __12th__ day of September, 2006.

_John E. Steele_
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record

-13-